MANDATE

09-0688-pr
Turner v. Dzurenda

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:
>        RALPH K. WINTER,
>        PETER W. HALL,
>                *Circuit Judges,*
>        MIRIAM GOLDMAN CEDARBAUM,
>                *District Judge.*[*]

---

COREY TURNER,

>                *Petitioner-Appellant,*

>        v.                                    Docket No.      09-0688-pr

JAMES DZURENDA,

>                *Respondent-Appellee.*

---

FOR APPELLANT:              MONICA R. JACOBSON, New York, N.Y.

---

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 11/17/2010

FOR APPELLEE:          MICHAEL PROTO, Assistant State's Attorney, Rock Hill, CT.

 Appeal from a judgment of the United States District Court for the District of Connecticut

(Chatigny, J.) denying relief pursuant to 28 U.S.C. § 2254.

 **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be **AFFIRMED**.

 Defendant-appellant Corey Turner appeals from a judgment of the United States District

Court for the District of Connecticut (Chatigny, J.) denying his petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254. *Turner v. Dzurenda*, 596 F. Supp. 2d 525 (D. Conn.

2009). Petitioner was convicted in 1997, following a joint jury trial in Connecticut Superior

Court, of murder and assault in the first degree, and his brother, Charles Turner, was convicted

of being an accessory to those crimes. The Connecticut state courts affirmed the convictions.

*State v. Turner*, 252 Conn. 714, 751 A.2d 372 (2000). Petitioner then filed a state petition for

habeas relief claiming, *inter alia*, ineffective assistance of trial counsel in violation of the Sixth

Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984). The petition alleged that

petitioner's trial counsel was ineffective in failing to attempt to impeach the State's main

witness, Kendrick Hampton, with a sworn statement that Hampton had given to a detective three

days after the murder. At the state habeas hearing, petitioner's trial counsel explained why he

did not cross-examine Hampton regarding the discrepancies between his identification testimony

at trial and the prior sworn statement. Counsel testified that although Hampton's trial testimony

identified petitioner with greater certainty than the earlier statement had, he saw no

inconsistency between the two that could be used to undermine Hampton's credibility. He

explained:

2

> It's a judgment call. . .. [Hampton] didn't say anything at trial that disagreed with what he said in his [prior] statement. . . . The testimony that Mr. Hampton gave at trial was more specific and more detailed and more positive than what he said in his statement . . .. But, it was not inconsistent with what he said. He just said more.

*Turner*, 596 F. Supp. 2d. at 532 (internal citation omitted). Petitioner's trial counsel also

testified that he did not confront Hampton with the prior signed statement because

> [Hampton] was so emphatic . . . in his direct examination, I was concerned that, by going over and trying to contradict him, that I would give him the opportunity to be more emphatic with the jury. I wasn't confident that the cross-examination would break his testimony. I thought it would offer an opportunity to reinforce his testimony.

*Id*. (internal citation omitted). Ultimately, the state habeas court

> agreed with petitioner's counsel that whether Hampton's trial testimony and prior signed statement are inconsistent is a "judgment call," and concluded that petitioner's counsel decided to refrain from cross-examining Hampton more extensively with regard to the prior statement "for strategic reasons." The court observed that Hampton was not going to change his testimony identifying the petitioner as the shooter . . .. The court also concluded that further cross-examination regarding Hampton's signed statement would not have changed the result of the trial.

*Id*. (internal citations omitted). The state habeas court thus dismissed Turner's petition. *Id.*

Petitioner's request for certification to appeal was denied. The Connecticut Appellate

Court dismissed petitioner's uncertified appeal, *Turner v. Comm'r of Corr.*, 86 Conn. App. 341,

861 A.2d 522 (2004), and the Connecticut Supreme Court denied certification to appeal. *Turner*

*v. Comm'r of Corr.*, 272 Conn. 914, 866 A.2d 1286 (2005). Petitioner then filed the instant

petition in the United States District Court for the District of Connecticut. The district court

dismissed the petition, *Turner*, 596 F. Supp. 2d. at 537, but issued a certificate of appealability

with respect to two questions: (1) whether the state habeas court's rejection of petitioner's claim

that his trial counsel was ineffective in failing to cross-examine the only witness who identified

petitioner as the shooter concerning the discrepancies between his identification testimony at

3

trial and a prior sworn statement constitutes an unreasonable application of the first prong of
*Strickland*; and (2) whether the state habeas court's determination that petitioner failed to show a
reasonable probability that but for his trial counsel's error the outcome would have been
different constitutes an unreasonable application of the second prong of *Strickland*. *Id.* We
assume the parties' familiarity with the remaining facts and procedural history.

**DISCUSSION**

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*."
*Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 155 (2d Cir. 2009). "When [a] state court
has adjudicated the merits of [a] petitioner's claim, we apply the deferential standard of review
established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under
which we may grant a writ of habeas corpus only if the state court's adjudication 'was contrary
to, or involved an unreasonable application of, clearly established Federal law[,] as determined
by the Supreme Court of the United States.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir.
2009) (quoting 28 U.S.C. § 2254(d)(1)).

Under *Strickland*, to establish ineffective assistance of counsel, a habeas petitioner must
"(1) demonstrate that his counsel's performance fell below an objective standard of
reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice
arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588
(2d Cir. 2008) (quoting *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)) (internal
quotation marks omitted). To satisfy the "performance" prong, "the record must demonstrate
that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed
the defendant by the Sixth Amendment." *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009)

4

(quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted).  "In assessing whether counsel's performance was objectively reasonable, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001)) (internal quotation marks omitted).  Counsel's omissions fall outside this range of reasonableness only if they "*cannot* be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003) (emphasis added).  To satisfy the "prejudice" prong, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Mazzuca*, 570 F.3d at 502.  In assessing prejudice stemming from the failure to investigate and introduce certain evidence, a court must consider "*all* the relevant evidence that the jury would have had before it" had the evidence been introduced, including unfavorable evidence. *Wong v. Belmontes*, 130 S.Ct. 383, 386 (2009) (per curiam).

As petitioner proceeded *pro se* before the district court, we construe his habeas petition to raise the strongest arguments that it suggests. *See, e.g., Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 120 (2d Cir. 2008); *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006).  As noted, petitioner asserted that trial counsel was ineffective in failing to attempt to impeach Hampton (who at trial identified Turner as the person who had shot and killed the victim) with his prior inconsistent statement, evidenced in his voluntary sworn statement given to a detective three days after the murder.

5

We conclude that, even assuming petitioner's counsel's failure to cross-examine

Hampton as to the discrepancies between his identification testimony at trial and a prior sworn

statement fell below an objective standard of reasonableness, petitioner is unable to show that his

counsel's alleged errors resulted in any prejudice to him.  Like the district court, we conclude

that "[p]etitioner's counsel's failure to impeach Hampton's identification testimony with his

statement to [the detective] was not as prejudicial as petitioner now claims." *Turner*, 596 F.

Supp. 2d. at 536.  Upon review of the record, we agree with the district court's analysis:

> The probative value of the discrepancies between Hampton's testimony and prior
> statement is the suggestion that he was unsure of his identification when he spoke with
> [the detective] because he did not actually see any part of the shooter's face.  It is
> unlikely that this suggestion, had it been raised by petitioner's trial counsel, would have
> swayed the jury to have a reasonable doubt about petitioner's guilt.
>     If this suggestion had been raised, the prosecutor could have persuasively argued
> that Hampton's prior statement actually evinces no uncertainty about the identity of the
> perpetrators.  The statement positively identifies petitioner's brother as the person who
> worked in concert with the shooter by setting up the ambush and helping the shooter
> escape; *it effectively identifies petitioner as the shooter*; and it even provides a motive for
> the murder (one that did not come out at trial).

*Id.* (emphasis added); *see also Strickland*, 466 U.S. at 695 ("[A] court hearing an ineffectiveness

claim must consider the totality of the evidence before the judge or jury.").  Additionally, "[t]o

rebut the suggestion that the shooter's mask prevented Hampton from seeing any part of the

shooter's face, the prosecutor could point to testimony of other witnesses corroborating

Hampton's trial testimony." 596 F. Supp. 2d. at 536; *see also id.* ("In view of the testimony of

these other witnesses, there is no reasonable probability that if petitioner's counsel had

impeached Hampton using the omissions from his prior sworn statement, the outcome of the trial

would have been different.").  Petitioner has not shown that there was a "reasonable probability"

that had his counsel questioned Hampton as to the discrepancies between his identification

testimony at trial and a prior sworn statement,"the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694; *see also Belmontes*, 130 S.Ct. at 386.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit